UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:24-cr-00156-TPB-NHA

JOEL RUFUS FRENCH

## STIPULATED PROTECTIVE ORDER

The United States of America, by and through the undersigned attorney, and defendant Joel Rufus French ("Defendant"), by and through counsel of record, stipulate and agree as follows:

1. The government will produce discovery in this matter that includes the personal identifying information of third parties and confidential health information of those individuals ("PII"), which may include, but is not limited to, social security numbers, dates of birth, telephone numbers, addresses, financial information (such as account numbers), personal health information, and medical records. The government also will produce grand jury materials and other discovery that may refer to witnesses and unindicted individuals or entities.

2. The voluminous amount of discovery in this matter makes the redaction of all PII and references to witnesses, and unindicted individuals or entities, impractical prior to production as discovery. The parties understand that this discovery should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

1

3. Therefore, the parties respectfully request that the Court enter the Stipulated Protective Order ("Order") pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure. The Order pertains to all discovery provided to or made available to defense counsel as part of discovery in this matter.

4. By signing the Order, defense counsel agrees that discovery (including information obtained pursuant to grand jury subpoena, recordings and other witness statements, reports of interviews, and other grand jury and other documents that are produced pursuant to discovery) is to be viewed only by defense counsel, designated defense investigators, support staff, or other individuals necessary for assisting defense in the preparation and trial of this matter. Defense counsel may permit his client to view unredacted documents only in the presence of his attorney, defense investigators, and support staff; however, unredacted documents may not be disseminated to, or by, Defendant.

5. Defendant shall not be permitted to keep or take with Defendant such materials, including copies and notes of such materials. Such review shall take place at the office of defense counsel as the Defendant has been released on bond.

6. The parties agree that no individuals outside of those listed above are to review, receive, and/or otherwise view the produced materials.

7. The discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States.

8. Defense counsel will return the electronic discovery to the government at

the conclusion of this case and permanently delete any copies from their computer systems. If any defense counsel, defense investigator, or support staff has produced hard copies of the discovery, the hard copies shall be shredded. Within 90 days following the conclusion of the litigation in this matter, defense counsel shall certify in writing to counsel for the United States that all of the discovery documents have been returned, destroyed and/or shredded.

9. In the event the defense seeks utilization of the discovery material in any court filing, at trial or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Middle District of Florida.

10. Defense counsel shall be responsible for advising Defendant, defense investigators, and support staff, and other members of the defense team of the contents of this Order. Any unauthorized disclosure may constitute a violation of the Order.

11. In the event that Defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

**IT IS SO STIPULATED.**     Dated: 28, 2024

    ROGER B. HANDBERG
    United States Attorney

By: */s/ Jennifer L. Peresie*
    Jennifer L. Peresie
    USA No. 120
    400 N. Tampa St., Ste. 3200
    Tampa, FL 33602-4798
    Telephone: (813) 274-6000

Facsimile: (813) 274-6358
E-mail: Jennifer.peresie@usdoj.gov

GLENN S. LEON
Chief
Fraud Section, Criminal Division
U.S. Department of Justice

By: /s/ *Catherine Wagner*
CATHERINE WAGNER
Trial Attorney
Florida Special Bar No. A5502410
Criminal Division, Fraud Section
U.S. Department of Justice
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: (202) 794-0097
Email: catherine.wagner@usdoj.gov

By: /s/ *Richard H. Blake*
RICHARD H. BLAKE (OH 0083374)
(*Pro Hac Vice*)
McDonald Hopkins LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Email: rblake@mcdonaldhopkins.com

**IT IS SO ORDERED.**

Dated: _____, 2024          HON. THOMAS P. BARBER_____
                                United States District Judge