UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:24-cr-156-SJM-NHA

JOEL RUFUS FRENCH

**REPORT AND RECOMMENDATION REGARDING
THE UNITED STATES' UNOPPOSED MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

The United States of America moves without opposition for a preliminary order of forfeiture of assets it claims comprise or derived from proceeds of the offenses for which the Defendant was convicted. Doc. 155. I respectfully recommend that the Court grant the motion.

## I.    Background

Following a jury trial, the Defendant was convicted of conspiracy to pay and receive kickbacks, in violation of 18 U.S.C. § 371 (Count One), conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count Two), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Three). Doc. 146.

## II.    Legal Authority

The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived,

directly or indirectly, from gross proceeds traceable to a health care fraud offense. And the United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(1), any real or personal property involved in a money laundering conspiracy.

The United States alleges—and the Defendant agrees (Doc. 156)—that the following assets constitute proceeds the health care and money laundering crimes for which he was convicted:

    a.    Approximately $3,000,000 transferred to Burr & Forman, LLC's client trust account from R&L Marketing on April 9, 2019.

    b.    Approximately $37,776.81 Renasant Bank account number 8015201802 in the name of J Lynn Medical Supplies.

    c.    Approximately $948,228.83 Pacific Life Insurance Company annuity contract/account number FX18009821, together with any accrued interest and/or appreciation to such contract/account in the name of Joel R. French.

    d.    Approximately $874,594.36 Athene Annuity and Life Company contract/account number AX00090776, together with any accrued interest and/or appreciation to such contract/account in the name of Joel R. French.

    e.    Approximately $53,402.40 Pacific Life Insurance Company annuity contract/account number FX18009821, together with any accrued interest and/or appreciation to such contract/account in the name of Joel R. French.

    f.    Approximately $1,543.19 Bank of America account number 334048793335 in the name of Lateese Gamla Ford.

g.  Approximately $3,000,000 transferred to Maple Harris, PLC's client trust account from R&L Marketing on April 9, 2019.

h.  Approximately $794,878.12 Bancorp South's MoneyGram Account associated with the purchase of Official Check Numbers 0664002201 – 0664002203 in the name of R&L Marketing.

i.  Approximately $574,915.79 Renasant Bank account number 8011045792 in the name of R&L Senior Marketing.

j.  Approximately $1,000,000.00 Renasant Bank account number 8013303578 in the name of in the name of R&L Senior Marketing.

k.  Approximately $889,198.88 Renasant Bank account number 8011045792 in the name of R&L Senior Marketing.

l.  Approximately $5,629,101.93 Renasant Bank account number 8013303578 in the name of R&L Senior Marketing.

m.  Approximately $549,151.75 Renasant Bank account number 8012473402 in the name of Restorative Management, LLC.

n.  Approximately $225,000 cash withdrawn by Rufus French from BancorpSouth Bank account number 77104669 on April 9, 2019 in the name of Rufus French.

Docs. 155, 156.

Again, the Defendant agrees that "a sufficient factual basis exists to show each Asset is traceable to proceeds of his convicted offenses and the Assets are subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(7)" and "does not contest that the Assets constitute, or are derived from, proceeds obtained directly or indirectly as a result of such violations." Doc. 156-1, p. 4.

Thus, I find that the United States has established the requisite nexus between the assets and the defendant's crimes of conviction. Fed. R. Crim. P. 32.2(b)(1).The assets are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(7).

## III.  Conclusion

For the reasons stated above, I respectfully recommend that:

- Pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(7), and Fed. R. Crim. P. 32.2(b)(2), the Court enter a Preliminary Order of Forfeiture for the assets identified above, subject to the provisions of 21 U.S.C. § 853(n);

- As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment; and

- The Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further

order necessary for the forfeiture and disposition of such property.

Respectfully submitted on March 25, 2024.

NATALIE HIRT ADAMS

United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.