UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:24-cr-156-SJM-NHA

JOEL RUFUS FRENCH

**REPORT AND RECOMMENDATION REGARDING THE UNITED STATES' UNOPPOSED MOTION FOR FINAL ORDER OF FORFEITURE**

The United States of America moves without opposition for a preliminary order of forfeiture of assets it claims comprise or derived from proceeds of the offenses for which the Defendant was convicted. Doc. 209. I respectfully recommend that the Court grant the motion.

## I. Background

Following a jury trial, the Defendant was convicted of conspiracy to pay and receive kickbacks, in violation of 18 U.S.C. § 371 (Count One), conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count Two), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Three). Doc. 146.

The United States sought, and the Court granted (Doc. 181), a preliminary order of forfeiture for various assets that the United States asserted (and the Defendant conceded) were proceeds of the health care and

money laundering crimes for which the Defendant was convicted. That order transferred the Defendant's interest in the property to the United States.

Thereafter, as required by 21 U.S.C. § 853(n), the United States provided notice to all third parties known to have any potential interest in the assets. Specifically, it sent a Notice of Forfeiture, an Acknowledgment of Receipt of Notice of Forfeiture, the Preliminary Order of Forfeiture, and a self-addressed, stamped envelope to Letricia Renee French, who received the package on April 15, 2026 (Doc. 209, p. 3 and Ex. A) and Lateese Gamal Ford, who received the package on April 21, 2026 (Doc. 209, p. 3 and Ex. B).

As to unknown parties with potential interest in the assets, the United States published notice of the forfeiture, and of the intent to dispose of the assets on the official government website, www.forfeiture.gov, from April 18, 2026 through May 17, 2026. Doc. 197. The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk–United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602–a petition to adjudicate their interests within 60 days of the first date of publication. Doc. 209, p. 4.

## II. Legal Authority

The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to a health care fraud

offense. And the United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(1), any real or personal property involved in a money laundering conspiracy. "In imposing sentence" a Court must order that such a Defendant "forfeit to the United States all property" so involved. 21 U.S.C. § 853 (a).

However, the law provides safeguards to protect third parties' legitimate interests in such property. After the Court enters an order of forfeiture against a defendant, the United States must provide notice of the order to the public and to persons known to have potential interests in the property, and allow them to assert their interests in the property. 21 U.S.C. § 853(n). Pursuant to Rule 32.2(b)(6)(C), publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure by any means described in Rule G(4)(a)(iv), which authorizes publication by internet. Anyone wishing to assert an interest in the property has 60 days from the first date of publication to file a petition with the District Court.

When all third-party petitions have been adjudicated, or if no petitions are filed, it is appropriate to enter a final order of forfeiture in accordance with Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure. In addition, 21 U.S.C. § 853(n)(7) provides that following the disposition of all petitions, or if no petitions are timely filed in accordance with 21 U.S.C. § 853(n)(2), "the United States shall have clear title to property that is the subject of the order

of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

Here, the Court entered a preliminary order of forefeiture for:

a. Approximately $3,000,000 transferred to Burr & Forman, LLC's client trust account from R&L Marketing on April 9, 2019.

b. Approximately $37,776.81 Renasant Bank account number 8015201802 in the name of J Lynn Medical Supplies.

c. Approximately $948,228.83 Pacific Life Insurance Company annuity contract/account number FX18009821, together with any accrued interest and/or appreciation to such contract/account in the name of Joel R. French.

d. Approximately $874,594.36 Athene Annuity and Life Company contract/account number AX00090776, together with any accrued interest and/or appreciation to such contract/account in the name of Joel R. French.

e. Approximately $53,402.40 Pacific Life Insurance Company annuity contract/account number FX18009821, together with any accrued interest and/or appreciation to such contract/account in the name of Joel R. French.

f. Approximately $1,543.19 Bank of America account number 334048793335 in the name of Lateese Gamla Ford.

g. Approximately $3,000,000 transferred to Maple Harris, PLC's client trust account from R&L Marketing on April 9, 2019.

h. Approximately $794,878.12 Bancorp South's MoneyGram Account associated with the purchase of Official Check

Numbers 0664002201 – 0664002203 in the name of R&L Marketing.

i. Approximately $574,915.79 Renasant Bank account number 8011045792 in the name of R&L Senior Marketing.

j. Approximately $1,000,000.00 Renasant Bank account number 8013303578 in the name of in the name of R&L Senior Marketing.

k. Approximately $889,198.88 Renasant Bank account number 8011045792 in the name of R&L Senior Marketing.

l. Approximately $5,629,101.93 Renasant Bank account number 8013303578 in the name of R&L Senior Marketing.

m. Approximately $549,151.75 Renasant Bank account number 8012473402 in the name of Restorative Management, LLC.

n. Approximately $225,000 cash withdrawn by Rufus French from BancorpSouth Bank account number 77104669 on April 9, 2019 in the name of Rufus French.

Docs. 155, 156.

The United States then provided notice in accordance with 21 U.S.C. § 853(n) by mailing notices to those known to have a potential interest in the property and by publishing notice on the internet. The first date of internet publication on www.forfeiture.gov was April 18, 2026. Thus, the final date for filing a petition to adjudicate an interest in the property was on June 17,

2026. No third party has asserted an interest in the property, and the time to do so has expired.

## III. Conclusion

For the reasons stated above, I respectfully recommend that, pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the Court enter a final order, forfeiting to the United States all right, title, and interest in the assets listed above, and vesting clear title to said property in the United States for lawful disposition.

Respectfully submitted on June 22, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.